UNITED STATE BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>Grzegorz Krzystof Soszynski,<br><br>                              Debtor | |
| Square Ring, Inc., a Delaware corporation,<br><br>                              Plaintiff<br><br>v.<br><br>Grzegorz Krzystof Soszynski,<br><br>                              Defendant | Bankruptcy No. 13-bk-47304<br>Chapter 7<br>Adversary No. 14-ap-97 |

### MEMORANDUM OPINION ON SOSZYNSKI'S MOTION TO DISMISS

This Adversary Complaint was filed against Debtor/Defendant, Grzegorz Krzytof Sosynski ("Debtor" or "Boxer"), by Square Ring, Inc. ("Promoter"). It relates to a Chapter 7 case filed by Debtor on December 10, 2013. Jurisdiction is asserted as a core matter under 28 U.S.C. §§ 157 and 1334. It appends a copy of a purported written agreement between the parties that is largely illegible. The Promoter asserts that the document is "an exclusive Promotional Agreement" ("Promotional Agreement") with the Boxer dated as of May 1, 2012. It is alleged that the contract provided that the Promoter was to promote the Boxer in boxing matches and pay him specified amounts in exchange for "sole and exclusive right to secure and arrange all bouts . . . requiring . . . [Boxer's] services and to secure and arrange and promote all such Bouts." (Complaint ¶ 9.)

The Complaint further alleges that the Promoter performed services required of it thereby benefitting Debtor's boxing career, but for reasons alleged in the Complaint the Boxer is now refusing to accept bouts offered to him by the Promoter.

In Count I of the Complaint, the Promoter alleges, *inter alia*,

› Debtor acknowledged under the Promotional Agreement that "his services as a professional boxer are special, unique, extraordinary, irreplaceable and of particular value, and that in the event of his breach or threatened breach of the Promotional Agreement, [Promoter] would suffer irreparable damage." (¶ 29.)

› Promoter would not have an adequate remedy at law (¶ 30.)

> Debtor is free to pursue any livelihood other than boxing for [Promoter's] competitors and is free to pursue his livelihood as a professional boxer with [Promoter]. (¶ 31.)

In its Prayer for Relief, in Count I, the Promoter seeks "A declaration that as a result of the rejection of the Promotional Agreement by operation of law under § 365(d)(1) of the Bankruptcy Code, such rejection will not and does not result in termination of the Promotional Agreement." In Count II, Promoter seeks attorney's fees, costs, and any further relief this Court deems just.

The Boxer filed a motion to dismiss this Adversary Proceeding for failure to state a cause upon which relief may be granted, and for lack of subject matter jurisdiction. The motion was fully briefed by the parties.

## DISCUSSION

### Jurisdiction

The Boxer argues that this court lacks subject matter jurisdiction because the Promoter ultimately raises only an issue of state law. Moreover, a federal court must, without exception, determine whether it has jurisdiction. *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379 (1884). To the extent that the Promoter seeks a general declaration of its rights under the Promotional Agreement for equitable relief against the Boxer, this court lacks subject matter jurisdiction. To the extent that the Promoter seeks a declaration regarding the effect of § 365(d)(1) on those rights, the Promoter has not presented a justiciable case or controversy, and so again, this court lacks subject matter jurisdiction.

"Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) (citing U.S. Const., Art. III, § 1.) The Judicial Code provides, subject to exceptions not relevant here that, "the district court shall have original and exclusive jurisdiction of all cases under title 11," and "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) & (b). That jurisdiction may be delegated to bankruptcy court under 28 U.S.C. §§ 157(b)(2), and has been delegated by our District Court through Internal Operating Procedure 15(a).

The term, "all cases under title 11," refers to the main bankruptcy case, not adversary proceedings. *In re Halas*, 226 B.R. 618, 621 (Bankr. N.D. Ill. 1998). Civil

2

proceedings "arising under" title 11 are proceedings created or determined by a provision of the Bankruptcy Code itself. *In re Repository Technologies, Inc.,* 601 F.3d 710, 719 (7th Cir. 2010). "A proceeding 'arises in' bankruptcy only if it has no existence outside of the bankruptcy." *In re Repository Technologies, Inc.,* 601 F.3d 710, 719 (7th Cir. 2010) (internal quotation omitted). A proceeding is only "related to" the bankruptcy "if it affects the amount of property available for distribution or the allocation of property among to creditors." *Matter of Xonics, Inc.,* 813 F.2d 127, 131 (7th Cir. 1987).

Here, any claim for equitable relief under the Promotional Agreement for future enforcement, or costs of suit (including attorney's fees) against the Boxer can only arise from state law rights to enforce the Promotional Agreement after bankruptcy was filed. It is not created or determined by a provision of the Bankruptcy Code itself, so the claim does not "arise under" title 11. Nor would the claim for equitable relief have any existence outside of a bankruptcy case, so it does not "arise in" a bankruptcy case. Nor would the Promoter's assertion of its right to equitable relief against the Boxer affect the amount of property available for creditors so it is not related to the bankruptcy case.

This leaves the Promoter's request for a declaratory judgment that § 365(d)(1) does not "terminate" the contract, but is merely a "breach" of the contract. Promoter's request for that declaration does not present a justiciable case or controversy under Article III, § 1 of the Constitution, and must be dismissed for lack of subject matter jurisdiction. The Declaratory Judgment Act provides that "In a case of actual controversy within its jurisdiction ... any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested seeking such declaration, whether or not further relief is sought." 28 U.S.C. § 2201. The actual controversy requirement of the statute tracks the cases or controversy requirement of Article III. *Deveraux v. City of Chicago,* 14 F.3d 328, 330 (7th Cir.1994). Article III of the Constitution limits the exercise of judicial power to "cases" and "controversies," *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 239, (1937). Without an actual case or controversy, a federal court lacks subject matter jurisdiction. *Deveraux v. City of Chicago,* 14 F.3d at 330. "In essence, the requirement keeps federal courts in the business of resolving existing legal disputes and out of the business of offering advice on the legality of a proposed course of action." *Id.*

Here, the Promoter raises, on information and belief, (Complaint, ¶ 25.) an issue that the Boxer may attempt to raise as a defense in a lawsuit the Promoter may bring to

3

enforce what it claims are its equitable remedies under the Promotional Agreement. The Promoter does not allege any pending lawsuit between itself and the Boxer, but does allege a lawsuit in state court between the Boxer and his former manager. (Complaint at ¶ 19.) In support of its prayer for declaratory judgment, the Promoter cites *In re Ortiz*, 400 B.R. 755 (C.D. Cal. 2009), a well-reasoned and scholarly opinion by a district court judge reviewing an appeal by a promoter against a boxer who had won an injunction and declaratory judgment based on the theory that § 365(d)(1) terminated an agreement once the contract was rejected. The *Ortiz* appeal reversed that ruling.[1] By way of contrast, there was a justiciable case or controversy in *Ortiz* because "Ortiz asserted that Top Rank had interfered with his efforts to enter an agreement with Golden Boy Productions, another boxing promoter," and Ortiz filed his adversary proceeding seeking, among other things, an injunction against that course of action. *Id.* at 760.

Promoter seeks a declaration from this court that *Ortiz* would be the law upon a hypothetical state of facts, precisely what is not allowed by Article III. *Aetna*, 300 U.S. at 241. Therefore, dismissal of the prayer for declaratory judgment is proper for lack of subject matter jurisdiction.

## Conclusion

This adversary proceeding will be dismissed for lack of subject matter jurisdiction. "A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice."

---

[1] The *Ortiz* opinion ruled that:
> In sum, the court concludes that the bankruptcy court's decision that rejection of the promotional agreement, by itself, "terminated" the contract and extinguished Top Rank's ability to seek equitable relief for breach of contract was error. While there are many reasons why equitable relief enforcing a personal services contract may be unavailable, section 365 does not invite a court to invoke those reasons as a basis for treating rejection as a termination of the contract. Because section 365 adopts no specialized rule governing personal services contracts, the effect of rejection of a personal services contract is determined by section 365(g). This statute provides that rejection of an executory contract constitutes a breach of the contract and no more. To determine whether any provisions of the contract remain enforceable against the debtor, rather than as claims against the estate, courts must assess whether the right to an equitable remedy is a "claim" dischargeable in bankruptcy. This in turn requires an inquiry as to whether an equitable remedy is available under state law. Section 365 simply does not speak to which obligations may and may not be enforced post-bankruptcy against the debtor. Consequently, the bankruptcy court's conclusion that the trustee's rejection of the contract between Ortiz and Top Rank terminated the contract and extinguished any claim for breach that Top Rank may have was erroneous.

*In re Ortiz*, 400 B.R. 755, at 766-769

4

*Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) (internal quotations omitted). Therefore, dismissal is without prejudice.

As described in *Ortiz*, the effect of § 365(d)(1) is to breach but not terminate the agreement, leaving for determination in a state court under the applicable state law whether or not any remedy may be sought by Promoter for breach of the personal service contract involved here.

The automatic bankruptcy stay prevents such an action unless the Promoter moves here to modify the stay or the parties agree to such modification.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 10th day of April, 2014

Square Ring, Inc. v. Soszynski (In re Grzegorz Krzystof Soszynski)
13bk47304 14ap97

## Certificate of Service

I, James Liu, certify that on April 10, 2014, I caused to be served copies of the foregoing document to the following on the attached service list by electronic service through the Court's CM/ECF system or regular U.S. mail:

_____
Law Clerk

### Electronic Service through CM/ECF System

John S Wirt
Wirt & Wirt, P.C.
770 Bryant Ave
Winnetka, IL 60093
(847) - 3234082 Ext.
Email: jwirt@wirtlawfirm.com

### First Class Mail

Grzegorz Krzystof Soszynski
1791 Webster Ln.,
Des Plaines, IL 60018

Square Ring, Inc. v. Soszynski (In re Grzegorz Krzystof Soszynski)
13bk47304 14ap97

## Certificate of Service

I, James Liu, certify that on April 10, 2014, I caused to be served copies of the foregoing document to the following on the attached service list by electronic service through the Court's CM/ECF system or regular U.S. mail:

_____
Law Clerk

### Electronic Service through CM/ECF System

**John S Wirt**
Wirt & Wirt, P.C.
770 Bryant Ave
Winnetka, IL 60093
(847) - 3234082 Ext.
Email: jwirt@wirtlawfirm.com

### First Class Mail

**Grzegorz Krzystof Soszynski**
1791 Webster Ln.,
Des Plaines, IL 60018